UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FEACK,<br><br>            Plaintiff,<br><br>      v.<br><br>CHINO PRISON MEDICAL CHIEF, et al.,<br><br>            Defendants. | Case No. 5:21-cv-01218-VBF-SHK<br><br>**ORDER DISMISSING COMPLAINT** |

### I.      BACKGROUND

On October 8, 2021, <u>pro se</u> plaintiff George Feack ("Plaintiff"), proceeding <u>in forma pauperis</u> ("IFP"), filed his operative First Amended Complaint ("FAC") alleging civil rights violations under 42 U.S.C. § 1983 against Chief Medical Officer, M. Farooq ("Defendant").  Electronic Case Filing Number ("ECF No.") 17, FAC at 1, 3.  On March 28, 2022, Defendant moved to dismiss Plaintiff's FAC ("MTD").  ECF No. 26, MTD.  Plaintiff did not oppose Defendant's MTD, and on November 15, 2022, the Court granted Defendant's MTD and dismissed the FAC without prejudice and with leave to amend ("Order Granting MTD" or "OGMTD").  ECF No. 28, OGMTD.

Plaintiff was instructed in the OGMTD that if he "would like to continue to

prosecute this action, Plaintiff [must] file a Second Amended Complaint ("SAC") within twenty-one days of the service date of th[e] Order." Id. at 12-13 (emphasis from original omitted). Plaintiff was "**cautioned that if Plaintiff does not timely file a SAC, the Court will recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).**" Id. at 13 (emphasis in original).

Plaintiff did not timely respond to the OGMTD and so on December 22, 2022, the Court ordered Plaintiff to show cause ("OSC") by January 5, 2023 why the case should not be "dismissed for failure to prosecute and failure to comply with the Court's prior Order[.]" ECF No. 29, OSC at 1. Plaintiff was instructed that he could comply with the OSC by either: (a) "advis[ing] the Court that he does not desire to pursue this action"; (b) "show[ing] good cause in writing, if any exists, why [he] has not timely filed" a SAC; or (c) "fil[ing] a SAC." Id. at 1. Plaintiff was warned again that if Plaintiff failed to perform any of the options stated above, "the Court **will** deem such failure a further violation of a Court order and will recommend that this matter be dismissed for failure to comply with Court orders and [for] failure to prosecute this matter." Id. (emphasis in original).

As of the date of this Order, Plaintiff has failed to file a SAC as ordered or otherwise participate in this litigation in any way.

## II.    DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the

court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, this case is subject to dismissal for Plaintiff's failure to prosecute and follow Court orders. Specifically, the first two Henderson factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite ordering Plaintiff to perform any of the options discussed in the OSC in order to move this case towards resolution over six months ago, Plaintiff has failed to perform any of the provided actions or to indicate to the Court in any way that he intends to continue pursuing this action. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a

3

plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered any excuse for his failure to comply with the Court's Orders and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, the Court DISMISSES this case, without prejudice.

/ / /

/ / /

4

## III.   ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED:  November 22, 2023

_____
Honorable Valerie Baker Fairbank
Senior United States District Judge

Presented by:

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

5